333 A.2d 749
**COMMONWEALTH of Pennsylvania**
v.
**Carl LEE, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 11, 1974.

Decided March 18, 1975.

Steven J. Hartz, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Michael F. Henry, Asst. Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Asst. Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Appellant, Carl Lee, was charged with murder in connection with the gangwar shooting death of Kieth Lawrence, a thirteen year old boy. Pleading not guilty, appellant proceeded to trial in the court of common pleas. While voir dire examination was being conducted and after several jurors had been selected, appellant informed his counsel of his desire to withdraw his plea of not guilty if a plea bargain with the Commonwealth could be arranged. Negotiations for such an agreement were successful. Appellant agreed to plead guilty to murder generally in exchange for the District Attorney's certification to the court that the degree of guilt rose no higher than murder in the second degree and his recommendation of a sentence of imprisonment for not less than six and one-half nor more than twenty years. The parties then revealed the terms of the plea agreement to the trial court which, after an extensive colloquy with appellant and counsel, accepted the plea of guilty. Upon receiving the Commonwealth's evidence, the court con-

cluded that appellant was guilty of murder in the second degree, and accepted the Commonwealth's recommendation with respect to sentencing.

■ In this direct appeal from the judgment of sentence, appellant's sole argument is that the colloquy conducted by the court was insufficient to enable appellant intelligently and voluntarily to enter a plea of guilty.* We find this argument to be without merit and, therefore, affirm.

The exhaustive colloquy in the instant case, which consumed fifty-two pages of typed transcript, conformed in every respect to the guidelines which have been established to insure that a defendant who pleads guilty does so voluntarily and intelligently with full knowledge of the nature of a plea of guilty and the consequences which flow therefrom. See *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1967); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth v. Campbell*, 451 Pa. 465, 304 A.2d 121 (1973); *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973); *Commonwealth v. Butler*, 446 Pa. 374, 288 A.2d 800 (1972); *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968); Pa.R.Crim.P. 319(a), 19

---

* This appeal was not preceded by the filing of a petition for withdrawal of the guilty plea nor by post-trial motions. We reiterate that, in cases such as the one at bar where the only challenge to the proceedings in the trial court is directed to the validity of the guilty plea itself, the proper procedure is first to file with that court a petition to withdraw the plea. See *Commonwealth v. Zakrzewski*, 460 Pa. 528 n. 1, 333 A.2d 898, n. 1, [filed March 18, 1975]; *Commonwealth v. Starr*, 450 Pa. 485, 488, 301 A.2d 592, 594 (1973). It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. Because of the uncertainty which has prevailed as to the appropriate method by which to attack a guilty plea, as well as the absence of a definitive procedural rule on the subject, we will consider the merits of appellant's claim. Further, because the appellant's assignment of error goes only to the sufficiency of the colloquy and thus can be determined from the record itself, no purpose would now be furthered by remanding to the court below.

**328**

P.S. Appendix, as amended March 28, 1973 and Comments thereto.

It is clear that appellant chose to plead guilty in order to benefit from the plea bargain which he, himself, had requested his counsel to arrange. This fact, in itself, is a strong indicator that the plea was voluntarily made. See *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1972). Beyond this, the record adequately demonstrates that appellant understood the nature of the charges against him, the acts which comprised the offense with which he was charged, and the permissible range of sentences which might be imposed. He affirmatively stated that he understood that he possessed a right to trial by jury, and that, should he proceed with a jury trial, he would be presumed innocent until proven guilty by the Commonwealth. Finally, the court made a determination that a factual basis for the plea existed.

We, therefore, find that appellant has failed to sustain his burden of demonstrating that his plea of guilty was not knowingly, intelligently, and voluntarily entered. *Commonwealth v. Ward*, 442 Pa. 351, 275 A.2d 92 (1971).

Judgment of sentence affirmed.