## Commonwealth *v*. Duncan, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard R. Fink,* Assistant Public Defender, for appellant.

*Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 24, 1975:

Appellant was convicted, by a jury, of assault with intent to kill. Post-verdict motions were filed and then withdrawn. Appellant was sentenced and then filed a

motion to reinstate post-verdict motions. Such motion was denied and now appellant is before this court claiming first that this case should be remanded for an evidentiary hearing to determine if appellant knowingly and intelligently waived his right to file post-verdict motions and second, that the victim was incompetent to testify because of her age.[1] It is clear that we cannot now consider appellant's second issue. The Pennsylvania Supreme Court has many times indisputably stated that if an issue is not raised in post-verdict motions such issue is not preserved for appellate review. See *Commonwealth v. Kearney,* 459 Pa. 603 (1975) ; *Commonwealth v. Coleman,* 458 Pa. 112 (1974) ; *Commonwealth v. Goodman,* 454 Pa. 358 (1973) and cases cited therein.

Therefore the only question which we must now resolve is whether appellant is correct in his contention that this case should be remanded for an evidentiary hearing to determine whether appellant knowingly and intelligently waived his right to file post-verdict motions. In support of this contention appellant cites the cases of *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444 (1966) and *Commonwealth v. Ballinger,* 208 Pa. Superior Ct. 450 (1966). In these cases no post-verdict motions were filed prior to sentencing and it was unclear if the defendants were aware that this failure to file post-verdict motions foreclosed their right to an appeal. Due to this uncertainty the cases were remanded to the lower court with directions to hold an evidentiary hearing to determine if the defendants understood the consequences of their not filing post-verdict motions. If it was determined that the defendants did not make a knowing and intelligent waiver of their right to file post-verdict motions they were then to be granted the right to file post-verdict motions nunc pro tunc. If the fact situation in the instant case

---

1. The victim, appellant's step-daughter, was six years old at the time of the incident and ten years old at the time of the trial.

were the same as *Grillo* and *Ballinger,* supra, we could simply follow the procedure set forth in those cases; however, the facts of the instant case differ significantly. In *Grillo* and *Ballinger,* supra, no post-verdict motions were filed, but in the instant case post-verdict motions were filed and then withdrawn. Appellant's argument that he did not knowingly and intelligently waive his right to file post-verdict motions fails because appellant's actions indicate an awareness of post-verdict motions which was not present in either *Grillo* or *Ballinger,* supra. It should be noted that if appellant withdrew his post-verdict motions on the advice of counsel, and such advice lacked a reasonable basis, or if counsel withdrew the motions without the consent of the appellant, a claim of ineffective assistance of counsel might be pursued through the Post Conviction Hearing Act[2]; but, appellant cannot claim that there was not a knowing and intelligent waiver of his right to file post-verdict motions when such motions were in fact filed and then withdrawn.

Judgment of sentence affirmed.

---

CONCURRING AND DISSENTING OPINION BY SPAETH, J.:

I agree with the majority that since appellant did not raise by post-trial motion his claim that the victim was incompetent to testify, he cannot do so now. I cannot agree, however, that the record is adequate to show that appellant intelligently and voluntarily waived his right to file post-trial motions. In *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 222 A.2d 427 (1966), it was not clear whether the defendants were aware that their failure to file post-trial motions foreclosed their right to appeal. We therefore held that the record must be remanded for an evidentiary hearing to determine whether

---

2. Act of January 25, 1966, P.L. (1965) 1580, §1 et seq., effective March 1, 1966. 19 P.S. §1180-1 et seq.

appellant "intentionally and intelligently relinquished" his right "to the assistance of counsel in the critical task of taking and perfecting an appeal . . . [which of necessity includes] counsel's assistance in the filing of post-trial motions." *Id.* at 448, 222 A.2d at 429. *Accord, Commonwealth v. Fryberger,* 232 Pa. Superior Ct. 127, 334 A.2d 743 (1975); *Commonwealth v. Wardell,* 232 Pa. Superior Ct. 468, 334 A.2d 746 (1975). It is true that in the present case appellant filed post-trial motions but then withdrew them. However, there is no substantive difference between an unintelligent failure to file a motion and an unintelligent withdrawal of a motion. Since it is not clear whether appellant knew that by withdrawing his motions, he was foreclosing his right to appeal, we should, as we did in *Grillo,* remand for an evidentiary hearing.