## Commonwealth *v.* Roberts, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David E. Auerbach*, Assistant Public Defender, and *Kenneth P. Barrow*, Public Defender, for appellant.

*Ralph B. D'Iorio* and *Vram Nedurian, Jr.*, Assistant District Attorneys, and *Stephen J. McEwen, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 1, 1975:

This appeal concerns the validity of appellant's guilty pleas to four separate indictments. Appellant contends that his guilty pleas were not voluntarily and understandingly entered because the colloquies conducted prior to the court's acceptance of his pleas were inadequate in that they failed to advise him of various rights. See *Commonwealth v. Ingram*, 455 Pa. 198 (1974); Pa. R. Crim. P. Rule 319 (a) and comments thereto. We need not address appellant's contention at this time because appellant is not properly before this court.

Appellant has made the common, and up to now condoned, mistake of attacking the validity of a guilty plea on direct appeal without first filing a petition to withdraw the plea with the court to which the plea was made. This procedural error was pointed out by Justice POMEROY in *Commonwealth v. Lee*, 460 Pa. 324, 327, 333 A.2d 749, 750 (1975) wherein he stated:

"This appeal was not preceded by the filing of a petition for withdrawal of the guilty plea nor by post-trial motions. We reiterate that, in cases such as the one at bar where the only challenge to the proceedings in the trial court is directed to the validity of the guilty plea itself, the proper procedure is first to file with that court a petition to withdraw the plea. See *Commonwealth v. Zakrzewski*, 460 Pa. 528, n. 1, 333 A.2d 898, n. 1, [filed March 18, 1975] ; *Commonwealth v. Starr*, 450 Pa. 485, 488, 301 A.2d 592, 594 (1973). It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed."[1]

The purpose behind this procedure can best be illustrated by looking to the area of post-verdict motions. See Pa. R. Crim. P., Rule 1123 and comments thereto. Pennsylvania appellate courts have recently taken the uncompromising position that when an issue is not raised in post-verdict motions it will not be considered on appeal. See *Commonwealth v. Coleman*, 458 Pa. 324 (1974) ; *Commonwealth v. Williams*, 458 Pa. 319 (1974); and, *Commonwealth v. Miller*, 232 Pa. Superior Ct. 171 (1975). The reason for this position is that "[t]he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal." *Commonwealth v. Reid*, 458 Pa. 357, 358 (1974).

The same principles which mandate that issues not raised in post-verdict motions will not be considered on

---

1. While the Supreme Court volunteered to consider the colloquies in *Lee*, supra, and *Zakrzewski*, supra, on the merits, the Court in these cases indicated that the better procedure would be for the defendant to file in the lower court a petition to withdraw the guilty plea before the issue could properly be considered on the appellate level. Due to the overwhelming frequency with which the Superior Court is confronted with this issue, we deem it necessary to now require strict compliance with this procedure.

direct appeal mandate that an attack on a guilty plea on direct appeal must be preceded by the filing of a petition to withdraw such plea with the court below. The enforcement of this procedure will give the court which accepted the plea the opportunity to allow the withdrawal of the plea if it was in fact not voluntarily and understandingly made. If the defendant remains unsatisfied with the lower court's disposition of his petition to withdraw his guilty plea, then at that point the issue would be properly preserved and ripe for appellate review. Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court.

It might be argued that to have the very court which accepted an inadequate guilty plea review a petition to withdraw the same plea is a useless gesture because that court would not have accepted the plea in the first instance unless it was of the opinion that the plea was voluntary. However, the same argument applies to all issues raised in post-verdict motions, and the underlying purpose of this procedure is that it would place with the court below the opportunity and responsibility to make the initial determination of reviewing whether the guilty plea colloquy complied with the clear mandates of the Supreme Court of Pennsylvania. See *Commonwealth v. Ingram*, supra; Pa. R. Crim. P. Rule 319 (a) and comments thereto. If proceedings based on defendant's petition to withdraw the plea shows that the colloquy is in fact inadequate, then the lower court will allow the plea to be withdrawn. There is simply no reason why the lower court cannot review its own colloquy to determine whether the required elements were included therein.

Because prior to this case the generally condoned procedure was to attack a guilty plea on direct appeal without first filing a motion to withdraw, this case is hereby remanded to the trial court to allow appellant to file a motion to withdraw his guilty plea *nunc pro tunc*.

DISSENTING OPINION BY PRICE, J.:

As the majority correctly observes, the sole question before us on this appeal is appellant's contention that his guilty pleas were not voluntarily and understandingly entered because the colloquies were inadequate under the *Ingram* standards. The other questions raised in appellant's argument are clearly waived and merit no discussion.

However, the record before us is more than sufficient to support a holding that the colloquies[1] conformed in every respect to the guidelines which have been established.

*Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975), was decided on March 18, 1975. The pleas and sentences here involved occurred in January, 1975 and May, 1975. Because of delays recently encountered in the printing of, and hence notice of, appellate court opinions, I am not willing to hold appellant's procedure in this appeal a mistake. Historically, we have considered an appeal in a guilty plea case to properly raise 1) the validity of the plea and 2) the validity of the sentence. *Commonwealth v. McNeill,* 453 Pa. 102, 305 A.2d 51 (1973) ; *Commonwealth v. Dillinger,* 440 Pa. 336, 269 A.2d 505 (1970). It is certainly clear in *Commonwealth v. Lee, supra,* and in *Commonwealth v. Zakrzewski,* 460 Pa. 528, 333 A.2d 898 (1975), that where the only challenge to the proceeding is directed to the validity of the guilty plea itself, the proper procedure is first to file with the lower court a petition to withdraw the plea. It is equally clear that in *Lee, supra,* and *Zakrzewski, supra,* where the record is sufficient, that the Supreme Court would, and did, consider the merits of the appeal.

We are, to my view, therefore faced with a choice of either deciding this appeal on its merits or finding a waiver for failure to follow mandated procedure.

---

1. Three in number, covering the two appeals here involved and the four indictments included therein.

Because of the confusion noted in the majority opinion concerning the correct procedure to be employed and because of the notice problem previously mentioned, it would be improper to decide this appeal on the waiver issue.

As Justice POMEROY further noted in *Lee, supra*: "Because of the uncertainty which has prevailed as to the appropriate method by which to attack a guilty plea, as well as the absence of a definitive procedural rule on the subject, we will consider the merits of appellant's claim. Further, because the appellant's assignment of error goes only to the sufficiency of the colloquy and thus can be determined from the record itself, no purpose would now be furthered by remanding to the court below." 460 Pa. at 327 n.1, 333 A.2d at 750 n.1.

I would, therefore, affirm the judgments of sentence. JACOBS, J., joins in this dissenting opinion.