Commonwealth *v.* Velasquez, Appellant.

Submitted September 8, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bertram M. Felgoise,* for appellant.

*David Fabe Michelman, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., February 2, 1976:

This appeal concerns the validity of appellant's guilty plea to the charge of aggravated assault.[1] Appellant con-

---

1. Appellant also attempts to raise several other issues, but when appellant pleaded guilty he waived his right to challenge anything but the legality of his sentence and the voluntariness of his plea. *Commonwealth v. Greer,* 457 Pa. 646, 647 (1974).

tends that his guilty plea is invalid because he was not informed of the nature and elements of aggravated assault at the time he entered the plea. We need not address appellant's contention at this time because appellant is not properly before this court. Appellant failed to file a petition to withdraw his guilty plea with the lower court before attacking the plea on direct appeal. See *Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749, 750 (1975) ; *Commonwealth v. Zakrzewski,* 460 Pa. 528, n. 1, 333 A.2d 898, n. 1 (1975) ; and *Commonwealth v. Starr,* 450 Pa. 485, 488 (1973). This procedure has been made mandatory by this court in the case of *Commonwealth v. Roberts,* 237 Pa. Superior Ct. 336 (1975). However, because appellant's appeal came before *Commonwealth v. Roberts,* supra, we will not consider his failure to file a petition to withdraw his guilty plea with the lower court as a waiver of such issue, but will instead remand to allow appellant to file a petition to withdraw his guilty plea nunc pro tunc.

Remanded with a procedendo.

PRICE, J., dissents for the reasons stated in *Commonwealth v. Roberts,* 237 Pa. Superior Ct. 336, 352 A.2d 140 (1975).