Commonwealth *v.* Riley, Appellant.

Submitted December 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

490

*Edward F. Browne, Jr.*, Assistant Public Defender, for appellant.

*Michael H. Ranck*, Assistant District Attorney, and *D. Richard Eckman*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 29, 1976:

Appellant raises three contentions. We remand so that each claim may be considered by the lower court.

On May 22, 1975, a jury found appellant guilty of a robbery that took place on July 24, 1974 (indictment 1307). Counsel filed post-trial motions. Appellant had also been indicted for a July 11, 1974 robbery (indictment 1306) and for possession of a controlled substance with intent to deliver[1] (308 grams of marijuana) (indictment 1325). As a result of a plea bargain, on July 21, 1975, appellant withdrew his post-trial motions and pleaded guilty to the July 11 robbery and to the marijuana offense. He was sentenced to concurrent 5 to 10 year terms of imprisonment on each charge and was fined $100.00 on the July 11 robbery indictment.

Appellant first contends that the colloquy before the lower court did not comport with Rule 1123, Pa.R.Crim.P., 19 P.S., Appendix, so that we must remand to allow him to file post-trial motions *nunc pro tunc*.

---

1. The Controlled Substance, Drug, Device and Cosmetic Act, 1972, April 14, P.L. 233, No. 64, §13 (30); as amended; 35 P.S. §780-113 (30).

Rule 1123(b) is explicit that "[p]rior to the acceptance of ... [a] waiver [of post-verdict motions] the trial court shall ... advise the defendant on the record that his waiving of post-verdict motions shall preclude his raising on appeal any issues which might have been raised in such motions."

The record indicates that appellant was informed that he had a right to file an appeal from the judgment of sentence entered after appellant pleaded guilty and that he had a right to court-appointed counsel on appeal. The prosecutor also stated that "[appellant] has filed today, ..., written motions to withdraw the motions he made in arrest of judgment and for a new trial." Nowhere was appellant apprised of the fact that, by withdrawing his post-verdict motions, he was waiving his right to raise the same issues on appeal. Therefore, we remand on indictment number 1307 so that appellant may file post-trial motions *nunc pro tunc.*

Appellant next contends that his guilty plea was not knowingly and intelligently made. However, he attempts to overturn his guilty plea on direct appeal without first petitioning the lower court to allow him to withdraw his plea. We have recently held that an appellant must first petition the lower court to withdraw before we will consider the issue on appeal. *Commonwealth v. Roberts,* 237 Pa. Superior Ct. 336, 352 A. 2d 140 (1975). See also, *Commonwealth v. Lee,* 460 Pa. 324, 333 A. 2d 749 (1975). Appellant filed the instant action before our decision in *Commonwealth v. Roberts,* supra. In the same situation we have held that appellant's failure to petition the court does not constitute a waiver of the issue; rather, we have remanded to allow such a petition to be filed. *Commonwealth v. Velasquez,* 238 Pa. Superior Ct. 368, 357 A.2d 155 (1976).

Appellant's third claim is that his sentence on the charge of possession of a controlled substance with the intent to deliver was illegal because it exceeded the legal maximum. Appellant was sentenced to a term of 5 to 10

492

years' imprisonment on that charge. The statutory maximum is only 5 years. 35 P.S. §780-113(f)(2).[2] If the lower court allows appellant to withdraw his plea, the issue is moot. If the court denies appellant's petition, however, the court must reduce appellant's sentence to comport with the legal limits under §780-113(f)(2).

Thus, we remand on indictment number 1307 to allow post-trial motions to be filed *nunc pro tunc;* we remand on indictments number 1306 and 1325 so that appellant may petition to withdraw his guilty pleas; finally, we remand on indictment number 1325 for resentencing if appellant's petition to withdraw is denied.

WATKINS, P.J., and VAN DER VOORT, J., dissent as to indictment #1307. PRICE, J., concurs in the result as to indictment #1325, and dissents as to indictment #1306 and #1307.

---

2. The Controlled Substance, Drug, Device and Cosmetic Act, supra, n.1.