369 A.2d 465

COMMONWEALTH of Pennsylvania

v.

Daniel J. McCUSKER, Appellant.

Superior Court of Pennsylvania.

Submitted June 28, 1976.

Decided Nov. 22, 1976.

Joseph W. Mullin, Public Defender, Huntingdon, for appellant.

Stewart L. Kurtz, II, Huntingdon, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant seeks to challenge for the first time on appeal the adequacy of the colloquy prior to his plea of nolo contendere to the charges of aggravated assault [1] and resisting arrest.[2]

On August 30, 1975, at approximately 1:30 a. m., appellant entered the Huntingdon Borough police station to report the theft of his automobile. Subsequent investigation by the police revealed that appellant's vehicle had been involved in a hit-and-run accident. The officer on duty informed appellant that he would probably be arrested and charged with failure to stop at the scene of an accident.[3] A scuffle ensued, and appellant injured two officers before he was subdued. The testimony of the officers during appellant's plea colloquy on December 10, 1975, indicated that appellant might have been intoxicated on the night in question. Nevertheless, the court below accepted appellant's plea of nolo contendere; and, on February 5, 1976, it sentenced appellant to serve 2 to 4 years' imprisonment. Appellant did not petition the lower court for permission to withdraw his plea, but rather, appealed directly to this Court.

Appellant has made the common mistake of attacking the validity of his plea on direct appeal without first filing a petition to withdraw the plea with the lower court to which the plea was made. See *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). In *Commonwealth v. Roberts*, supra, this Court mandated strict compliance with the requirement that the appellant file a petition to withdraw. For appeals filed prior to the filing date of *Roberts*, December 1, 1975, this Court

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 2702.

2. The Crimes Code, supra; 18 Pa.C.S. § 5104.

3. The Motor Vehicle Code, Act of April 29, 1959, P.L. 58; § 1027; 75 P.S. § 1027.

has generally remanded cases involving challenges to guilty pleas to permit appellants an opportunity to file a petition to withdraw.

This appeal was filed on March 5, 1976. Because appellant has not filed a petition to withdraw with the lower court and because this appeal was filed well beyond the effective date of the rule announced in *Roberts,* we must hold that appellant has waived his right to raise issues in this Court which have not been presented to the court below. Cf. *Commonwealth v. Reid,* 458 Pa. 357, 358, 326 A.2d 267 (1974).

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion in which WATKINS, President Judge, joins.

SPAETH, Judge, dissenting:

It is undeniable that appellant has failed to comply with our rule, announced one year ago in *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975), that any challenge to the validity of a guilty plea must begin with a petition to withdraw the plea in the court below.[1] I do not agree, however, with the majority's conclusion that in consequence appellant has waived his right to pursue his claim of an inadequate colloquy.

The rule we announced in *Roberts* was based on the Supreme Court's statement that "in cases  .   .   . where the only challenge to the proceedings in the trial court is directed to the validity of a guilty plea itself, the proper procedure is first to file with that court a petition to withdraw the plea." *Commonwealth v. Lee,* 460 Pa.

---

1. Appellant pleaded nolo contendere rather than guilty; but because "a plea of 'nolo contendere' is to be treated the same as a guilty plea," *Commonwealth v. Hayes,* 245 Pa.Super., 521, 523, 369 A.2d 750, 754 (1976), the rule of *Roberts* controls this case. *See* my dissent in *Hayes, supra.* For convenience (since most of the cases I shall discuss involved "guilty pleas"), I shall refer throughout to "guilty pleas" with the intention that that term be understood to include pleas of nolo contendere.

324, 327 n., 333 A.2d 749, 750 n. (1975). We said: "Due to the overwhelming frequency with which the Superior Court is confronted with this issue, we deem it necessary to now require strict compliance with this procedure." *Commonwealth v. Roberts, supra,* 237 Pa.Super. at 338 n. 1, 352 A.2d at 141 n. 1.

However, neither we nor the Supreme Court has stated what consequence an appellant will suffer for failure to comply with the rule thus announced. In *Lee* the Supreme Court allowed the appellant to pursue his appeal:

Because of the uncertainty which has prevailed as to the appropriate method by which to attack a guilty plea, as well as the absence of a definitive procedural rule on the subject, we will consider the merits of appellant's claim.

460 Pa. at 327 n., 333 A.2d at 750 n.

Two, alternative, consequences may be supposed: (1) all claims that could have been raised in the petition to withdraw the guilty plea will be deemed waived; or (2) the appellate court will never address the merits of a claim that a guilty plea was invalid but will instead automatically remand to allow the appellant to file a petition to withdraw the plea. In practice, as the majority notes, we have generally remanded.[2] That does not help here, however, for those cases were appeals filed before the filing date of *Roberts.* Here we have the first case filed after the filing date of *Roberts.*

In my opinion, we should do better to hold that a case will be automatically remanded when there has been a failure to file a petition to withdraw a plea. Thereby we should in many cases save ourselves, and the parties, a

2. By "generally" the majority and I do not mean that we have sometimes held claims waived. Rather, some of my colleagues have said that when the claim is adequately presented on the record we should address its merits, as the Court did in *Lee. See, e. g., Commonwealth v. Harrsch,* 245 Pa.Super. 411, 369 A.2d 470 (1977) (dissenting opinion by Judge Van der Voort).

great deal of time, for on remand a petition to withdraw would be filed and the lower court could correct its error, which would end the case. More important, perhaps, we should also avoid numerous, quite unnecessary, complications, which the majority does not appear to have anticipated.

It is easy to construe the cases, as the majority does, as indicating that the consequence of failing to file a petition to withdraw should be waiver rather than automatic remand. For example, in *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898 (1975), the Supreme Court buttressed its reasoning as to the "proper practice" by drawing an analogy to Pa.R.Crim.P. 1123, which made mandatory the filing of post-verdict motions. *Id.* at 531 n. 1, 333 A.2d at 900 n. 1. That analogy implies that the consequence suffered for failure to petition to withdraw a guilty plea will be the same as that suffered for failure to file post-verdict motions, *viz.* that all claims an appellant could have raised are waived. Similarly, we stated in *Roberts* that

[t]he purpose behind this procedure can best be illustrated by looking to the area of post-verdict motions. See Pa.R.Crim.P., Rule 1123 and comments thereto. Pennsylvania appellate courts have recently taken the uncompromising position that when an issue is not raised in post-verdict motions it will not be considered on appeal. [Citations omitted.] The reason for this position is that "[t]he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal." *Commonwealth v. Reid*, 458 Pa. 357, 358, 326 A.2d 267, 267 [*sic*] (1974).

The same principles which mandate that issues not raised in post-verdict motions will not be considered on direct appeal mandate that an attack on a guilty plea on direct appeal must be preceded by the filing of a petition to withdraw such plea with the court below.

The enforcement of this procedure will give the court which accepted the plea the opportunity to allow the withdrawal of the plea if it was in fact not voluntarily and understandingly made. If the defendant remains unsatisfied with the lower court's disposition of his petition to withdraw his guilty plea, then at that point the issue would be properly preserved and ripe for appellate review. Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court.

237 Pa.Super. at 338–39, 352 A.2d at 141.

In addition, we have in three *dicta* said by negative implication that waiver would be the consequence of failing to follow the correct procedure. *Commonwealth v. Harrsch*, 245 Pa.Super. 411, 369 A.2d 470 (1977); *Commonwealth v. Riley*, 239 Pa.Super. 488, 361 A.2d 423 (1976); *Commonwealth v. Velasquez*, 238 Pa.Super. 368, 357 A.2d 155 (1976).

For the purposes of discussion only,[3] 1 am willing to assume that both the majority's construction of the cases and our *dicta* are correct. Even so, the majority's own reasoning shows that we cannot find that appellant here has waived his right to challenge the validity of his plea of nolo.

When a defendant fails to file post-verdict motions, "for such a waiver to be effective, the record must affirmatively demonstrate that the appellant was aware of his right to file post trial motions and that he knowingly and intelligently decided not to do so." *Commonwealth v. Schroth*, 458 Pa. 233, 235, 328 A.2d 168, 169 (1974). "Because [post-verdict] motions are a critical step in the post-conviction review process, we will scrutinize closely

---

**3.** As stated *ante* at 406, 369 A.2d at 467, I would hold that we should remand rather than find waiver. In any event, the analogy between a post-verdict motion and a petition to withdraw a guilty plea is possibly misleading, for a trial (attacked by the one) and a guilty plea hearing (attacked by the other) are quite different proceedings.

any waiver of the right to file them in order to ensure that the defendant has acted voluntarily and with a full understanding of his rights." *Commonwealth v. Coleman*, 458 Pa. 324, 325–26, 327 A.2d 77, 78 (1974). In general, we have taken such statements to mean that at a minimum, the record must show compliance with the requirements of Pa.R.Crim.P. 1123 (b) and (c).[4] *See Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975).[5]

Since the majority relies on the analogy between the failure to petition to withdraw a guilty plea and the failure to file post-verdict motions, it should by parity of reasoning insist on the same safeguards in each case. Therefore: before an appellate court may find that a defendant has waived his right to challenge the validity of a guilty plea, it must find on the record that he knowingly and intelligently waived his right to petition to with-

---

**4.** (b) . . . The defendant may . . . within the seven (7)-day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that his waiving of post-verdict motions shall preclude his raising on appeal any issues which might have been raised in such motion.

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal. Pa.R.Crim.P. 1123(b) & (c).

**5.** This minimum has been held to have equivalents. For example, my colleagues held in *Commonwealth v. Duncan*, 235 Pa.Super. 15, 340 A.2d 555 (1975), that an appellant "cannot claim that there was not a knowing and intelligent waiver of his right to file post-verdict motions when such motions were in fact filed and then withdrawn." *Id.* at 18, 340 A.2d at 556. In a subsequent case, however, we refused so to hold where the record did not affirmatively demonstrate that the appellant's decision to withdraw his post-verdict motions was knowingly and intelligently made. *Commonwealth v. Holman*, 237 Pa.Super. 291, 352 A.2d 159 (1975). In the latter decision we relied heavily on the judge's failure to give the cautionary instructions required by Pa.R.Crim. P. 1123(c).

draw the plea. As with post-verdict motions, at a minimum the appellate court must see on the record that the lower court has advised the defendant of his right to petition to withdraw his plea of guilty, of his right to the assistance of counsel in filing such a petition, and of the consequence of not filing such a petition.[6]

It may be objected that this would burden the trial bench with yet another question that must be asked a defendant at a guilty-plea colloquy. I grant that that would be so, but it would be so because of the majority's decision, not mine. Furthermore, it cannot be otherwise—at least, it cannot be if the majority insists upon the consequence of waiver. As with the application of the waiver doctrine to post-verdict motions: if the appellate courts choose to impose upon defendants the requirement that they either take a certain procedural step below or suffer the consequence that they will have waived important rights on appeal, then the appellate courts must also impose upon the trial bench the duty of ensuring that those rights are foregone only by informed defendants.

In the present case, although the lower court's colloquy with appellant was extensive, at no point did it advise appellant of his right to file a petition to withdraw a guilty plea, and of the consequences of not filing such a petition.[7] Indeed, the court's comments (which were quite correct according to the practice prior to *Lee* and *Roberts*) implied that there was no rule that appellant

---

**6.** I do not suggest that we must have a Rule of Criminal Procedure that spells out these requirements. Our decisional law may do that, as was done in the case involving post-verdict motions. *See, e. g., Commonwealth v. Coleman, supra,* and *Commonwealth v. Schroth, supra,* in both of which the waiver of the filing of post-verdict motions preceded the effective date of Rule 1123(c). However, a Rule would probably be desirable.

**7.** In no way does this omission reflect on the performance of the lower court. To the contrary, just as I would not expect appellant's counsel to have deduced precise procedural consequences from our imprecise *dictum* in *Roberts,* so I would not fault the lower court for failing to realize that an additional question would now be required in colloquies.

must first petition to withdraw his plea or suffer waiver.[8]  It follows that the majority cannot determine from the record whether appellant knowingly and intelligently waived his right to petition to withdraw his plea. The remedy should therefore be the same as that applied in cases involving failure to file post-verdict motions: the judgment of sentence should be vacated and the record remanded for a determination, following an evidentiary hearing if necessary, of whether appellant's waiver of his right to petition to withdraw his plea of nolo contendere was voluntary and intelligent.  If there was no such waiver, appellant should be granted an opportunity to petition to withdraw his plea.  If such a waiver is found, the judgment of sentence should be reinstated. Following disposition by the trial court, either side would be entitled to file a new appeal.  *See Commonwealth v. Tate,* 464 Pa. 25, 346 A.2d 1 (1975).[9]

---

8.  The court asked appellant: "And do you understand that, if the plea is accepted and you are later sentenced, then the only questions that you could raise on appeal are these three: One, whether or not your plea of nolo contendere was legal in that it was understandingly and intelligently made by you   .   .   .." (Record of Proceedings at 8.)

9.  Still another complication may be noted.  It may be anticipated that, under the majority's view, the issue of the voluntariness of an appellant's waiver of his right to file a petition to withdraw his plea will have to be raised "at the earliest opportunity on appeal; otherwise that question itself is waived."  *Commonwealth v. Carter,* 463 Pa. 310, 313 n. 4, 344 A.2d 846, 848 n. 4 (1975), citing *Commonwealth v. Jones,* 460 Pa. 223, 334 A.2d 601 (1975).

It would be most unfair to enforce that rule here, however, because this is the first case that has squarely presented the question of what consequence an appellant will suffer for failure to petition to withdraw a guilty plea.  Especially is this so because we have ourselves never clearly said what that consequence would be.  We should not penalize appellant here for his counsel's failure to realize, from the implications of *Lee* and *Roberts* and from our *dicta* in *Harrsch, Riley* and *Velasquez,* that he must on appeal raise the issue of the voluntariness of appellant's waiver of his right to petition to withdraw his plea.  The cases on post-verdict motions are again instructive: in both *Coleman* and *Schroth* the Supreme Court discussed the issue of the voluntariness of the waiver, even though (as far as can be deduced from the opinions) the issue was not raised on appeal.

To me, as I have indicated at the outset of this opinion, all of this seems complicated and unnecessary. I should simply remand with leave to appellant to file a petition to withdraw his plea.

WATKINS, President Judge, joins in this opinion.