369 A.2d 750
COMMONWEALTH of Pennsylvania
v.
Albert HAYES, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 30, 1975.

Decided Nov. 22, 1976.

522

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Stewart J. Greenleaf, Assistant District Attorney, Willow Grove, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County by the defendant-appellant, Albert Hayes, after the entry of a plea of "nolo contendere" to four bills of indictment charging forgery, theft by deception and conspiracy to commit forgery. He was sentenced under one bill of in-

dictment charging forgery to undergo imprisonment for not less than two years nor more than six years, and a term of three months to twenty-three months on the other indictment charging forgery, such sentence to be consecutive. Sentence was suspended in the other two bills of indictment. The appellant had a long criminal record.

The only issue raised on appeal is that the plea was not entered voluntarily and intelligently in that the colloquy was inadequate under the standards established by Rule 319 of the Pennsylvania Rules of Criminal Procedure and the cases of *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) and *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973).

At the outset we recognize that a plea of "nolo contendere" is to be treated the same as a guilty plea. *Commonwealth v. Warner*, 228 Pa.Super. 31, 324 A.2d 362 (1974). But because it is the unusual plea of "nolo contendere" that says, in effect, "I will not contest" and admits the facts charged, it appears to be a clear indication that a full discussion was held with counsel before its entry and the very fact of the entry of this type plea indicates a voluntary and intelligent approach to the plea.

*Commonwealth v. Ingram*, supra, requires that it appear on the record that the defendant understand the nature of the charges and this be demonstrated by an explanation of the elements of the charged offenses in terms that he can understand appearing on the record.

The appellant forged the name of another on a check and a deposit slip. The court below was fully satisfied that the appellant knowingly and voluntarily entered the plea to all bills. He was represented by counsel and the record discloses that he was pleading of his own free will, that no threats had been made to him and that he had sufficient time to confer with counsel. The court informed the appellant of the nature of the charges in lan-

guage he could understand, the possible sentences, the right to a trial by jury and other rights in a lengthy colloquy and determined that the plea was intelligently and voluntarily entered.

The record reveals that the court informed the appellant that he was charged with altering a check in the amount of $450 payable to William Jordan and signed by Barry Sherman and that he was charged with "altering or uttering a check in the amount of $350, a withdrawal slip of William Jordan." He was also informed that he was charged with conspiracy with one Barry Sherman to commit the crimes. When questioned as to whether he understood the nature of the charges against him the appellant answered "yes". Although he was obviously informed of the acts charged he now contends that the court below committed reversible error when it did not define the elements of the crimes with which he was charged.

Forgery is defined in part in 18 Pa.C.S.A. § 4101 as follows:

"(a) *Offense defined*—A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

"(1) alters any writing of another without his authority: . . ."

■ Since the appellant was specifically informed that he was charged with "altering" a check for $450 payable to a specific individual and signed by Barry Sherman it is difficult to conceive of the defendant not understanding such simple language of wrongdoing and also difficult to conceive how using the exact definition in the act would improve that understanding.

The appellant claims that the court did not inform him that he had to have fraudulent intent to be guilty of forgery and this constitutes reversible error.

Any individual who has resided in our society into adulthood would know that he is not permitted to "take" the goods of another without permission or due compensation. It borders on the ridiculous to assume that a person would not know that and that it must be explained and defined in legalistic detail during a colloquy. And if in fact he didn't understand the simple, common sense explanation of the court of the crime with which he was charged how would he possibly understand the legal language explaining fraudulent intent.

If the crimes for which he was charged were of a complex or highly technical nature one could be more sympathetic to his position. But when appellant is accused of "altering" a check made out to someone else, "taking" $350 from someone else, and "conspiring" with another to do these acts, we cannot follow how he can now claim that he did not understand the nature of the charges against him. We should not get to the point that the colloquy requirements place a burden on the trial court to give the appellant a lecture on criminal law before such court may accept a guilty plea.

We agree with the court below that this "nolo contendere" plea was entered voluntarily and intelligently.

Judgment of sentence affirmed.

HOFFMAN, J., files a dissenting opinion.

SPAETH, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Appellant contends that the colloquy conducted at the time of his plea of "nolo contendere" [1] did not comport with *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77

---

1. As the lower court correctly points out in its opinion, we must treat appellant's plea of "nolo contendere" in the same manner as we would treat a plea of guilty. *Commonwealth v. Warner*, 228 Pa.Super. 31, 324 A.2d 362 (1974).

526

(1974), and Rule 319, Pa.R.Crim.P. I agree and, therefore, dissent.[2]

Appellant was charged with two counts of forgery and related offenses. On June 24, 1975, he pleaded "nolo contendere" to all of the charges. The following is excerpted from the colloquy conducted at that time:

"THE COURT: Do you understand that the charges against you are forgery, and your plea, nolo contendere, no contest; that you're asking the Commonwealth to meet their burden of proof, to prove to the Court what you're guilty of here?

"THE WITNESS: Yes, sir.

"THE COURT: Do you understand that the charge of forgery, forgery of money, stamps, official legal tender, that would be a felony of the second degree having up to ten years imprisonment and/or a twenty-Five Thousand Dollar fine and that the forgery of anything else such as; a deed or official document would be a felony of the third degree bringing in a maximum fine of Ten Thousand Dollars and a five year sentence or both. And on any other forgery it would be a misdemeanor of the third degree having up to five years and a Ten Thousand Dollar fine. Do you understand that?

"THE WITNESS: Yes.

"THE COURT: All right. There's some other bills against you, and I ask you if you're pleading nolo contendere to those? There's two bills of indictment charging forgery; one, that you altered a check in the amount of Four Hundred and Fifty Dollars payable to William Jordan and signed by Barry Sherman; and the other forgery is that you altered or uttered a check in the

2. This Court recently decided a similar issue in *Commonwealth v. Kulp*, 235 Pa.Super. 397, 344 A.2d 602 (1975). Normally, I would merely dissent on the basis of my dissent in *Kulp*. As will be obvious from the discussion, infra, I believe that, even based on the standard set forth by the Majority in *Kulp*, appellant is entitled to a reversal.

amount of Three Hundred and Fifty Dollars, a withdrawal slip of William Jordan. Do you understand that?

"THE WITNESS: Yes.

"THE COURT: Do you plead nolo contendere to those two bills, is that so?

"THE WITNESS: Yes.

"THE COURT: There's also a bill charging you with theft of deception [sic] saying, that you took Three Hundred and Fifty Dollars of money belonging to Girard Bank. Is your plea nolo contendere to that charge?

"THE WITNESS: Yes.

"THE COURT: And, there's also a bill of indictment charging criminal conspiracy in that you conspired with Barry Sherman to commit these two crimes of forgery and theft by deception. Do you understand that?

"THE WITNESS: Yes."

In response to questions from defense counsel, appointed after the above portion of the colloquy, the appellant stated as follows:

"Q. Do you understand the nature of the charges against you?

"A. Yes. I do.

"Q. And by telling [the district attorney] that you're doing this of your own free will, that means, that no threats have been made to you, nobody has forced you to take this plea, is that right?

"A. Right.

"Q. Have you had sufficient time to confer with me?

"A. Yes. I have.

"Q. Are you satisfied with my advice?

"A. Yes."

Appellant contends that the colloquy is inadequate to show that he voluntarily and intelligently waived his right to trial.

It is well-settled that "[a] plea of guilty may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, see, *e. g., Johnson v. Zerbst,* 304 U.S. 458, 464–465, 58 S.Ct. 1019, 82 L.Ed. 1461, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense. *Smith v. O'Grady,* 312 U.S. 329, 61 S.Ct. 512, 85 L.Ed. 859." *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L. Ed.2d 108 (1976). Those constitutional principles are embodied in Rule 319, Pa.R.Crim.P.: "(a) A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntary and understandingly tendered. Such inquiry shall appear on record." In turn, our Supreme Court has held that "[i]n order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. . . . Thus, for an examination to demonstrate a defendant's understanding of the charge, *the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." Commonwealth v. Ingram,* supra, 455 Pa. at 203–04, 316 A.2d at 80. (Emphasis added).

From my reading of the colloquy in the instant case, I conclude that the appellant was not informed of the elements of forgery, theft by deception and conspiracy. In its brief, the Commonwealth impliedly concedes that point, but attempts to distinguish *Ingram:* "[This]

Court in *Commonwealth v. Kulp,* [supra], recently held that this demonstration is not required to be issued only from the Court. It was stated in that case at 344 A.2d 603 that *'Commonwealth v. Ingram,* supra, does not require the trial judge to explain the nature of the offenses charged to a defendant who already evidences such an understanding.' . . .

"In this case, the [appellant] through his statements made to the Court, has shown an awareness of his acts which constituted the crimes for which he was charged, much like the defendant in *Kulp,* supra. Indeed on page 28 of the record, the [appellant] states that all of his problems 'criminal wise' were related to the use of drugs, and that if he were given some form of aid he would be able to stay out of trouble with the law. More importantly, the [appellant] during the colloquy, stated in response to a question posed by his defense counsel that he did understand the *nature* of the charges against him and that he nevertheless voluntarily entered his plea."

First, appellant's statement that his problems "criminal wise" were related to drugs is irrelevant to a showing that he knew the elements of the offense. Appellant's extensive criminal record was fully explored during the Commonwealth's examination of appellant; his criminal history included convictions for several narcotics offenses, burglary, larceny, and receiving stolen property, but did not include prior forgery charges. Thus, even if we were to give *Kulp* the broad reading urged by the Commonwealth, nothing in that criminal history could inferentially have instructed appellant on the elements of forgery or theft by deception. Second, appellant's statement during the colloquy that he understood the nature of the charges is meaningless absent some showing that appellant was informed of the nature of the charges. Cf. *Henderson v. Morgan,* supra. The purpose of the Court's holding in *Ingram* was to make meaningful the protection of Rule 319, that, in fact, an accused

530

had available relevant information on the charges against him. Appellant could not meaningfully answer that he understood the nature of the charges unless he was first apprised of the elements of those offenses.

Therefore, I would reverse the judgment of sentence and remand the case for trial.

SPAETH, Judge, dissenting:

I agree with the majority's statement that "a plea of 'nolo contendere' is to be treated the same as a guilty plea." Majority opinion at p. 523. In my view it follows that cases involving pleas of nolo contendere are controlled by the rule of *Commonwealth v. Roberts*, 237 Pa. Super. 336, 352 A.2d 140 (1975). *See* my dissent in *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A. 2d 465 (1977). I would therefore remand to permit appellant to file a petition to withdraw his plea of nolo contendere.