369 A.2d 470
**COMMONWEALTH of Pennsylvania**
v.
**Vernon Clark HARRSCH, Appellant.**

Superior Court of Pennsylvania.

Argued June 14, 1976.

Decided Nov. 22, 1976.

412

James T. Vernile, Philadelphia, with him Robert F. Simone, Philadelphia, for appellant.

Edward P. Little, Jr., District Attorney, Montrose, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from appellant's plea of guilty to numerous charges. Appellant attempts to attack his plea on the grounds that he was denied effective assistance of counsel in the entering of his plea, that his plea was not voluntarily and understandingly entered, and that his plea was not properly entered on the record. We need not address appellant's contentions at this time

because appellant is not properly before this court. Appellant failed to file a petition to withdraw his guilty plea with the lower court before attacking his plea on direct appeal. See *Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749, 750 (1975); *Commonwealth v. Zakrzewski,* 460 Pa. 528, n. 1, 333 A.2d 898, n. 1 (1975); and *Commonwealth v. Starr,* 450 Pa. 485, 488, 301 A.2d 592 (1973). This procedure has been made mandatory by this court in the case of *Commonwealth v. Roberts,* 237 Pa.Super. 336, 338–9, 352 A.2d 140, 141 (1975) where we stated, "The same principles which mandate that issues not raised in post-verdict motions will not be considered on direct appeal mandate that an attack on a guilty plea on direct appeal must be preceded by the filing of a petition to withdraw such plea with the court below." Because appellant's appeal was taken before *Commonwealth v. Roberts,* supra, we will not consider his failure to file a petition to withdraw his guilty plea with the lower court a waiver of that issue. *Commonwealth v. Velasquez,* 238 Pa.Super. 368, 357 A.2d 155 (1976). Instead we will remand to allow appellant to file a petition to withdraw his guilty plea nunc pro tunc. This procedure is particularly well suited to this case because there is a claim of ineffective assistance of counsel. *Commonwealth v. Santiago,* 240 Pa.Super. 63, 361 A.2d 732 (1976). In connection with appellant's petition to withdraw his plea his allegedly ineffective counsel can be given an opportunity to explain why his actions had a reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

Remanded with a *procedendo.*

SPAETH, J., files a concurring opinion.

VAN der VOORT, J., files a dissenting opinion.

PRICE, J., absent.

SPAETH, Judge, concurring:

I agree with the disposition of this case. I do not agree with the *dictum* that in cases in which appeal is taken after the filing date of *Commonwealth v. Roberts*, failure to file with the lower court a petition to withdraw a guilty plea will constitute a waiver of claims that could have been raised in the petition. *See* my dissent in *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A. 2d 465 (1976).

VAN der VOORT, Judge, dissenting:

In this direct appeal, appellant attacks the validity of his plea of guilty. In our case of *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975) we required that in cases of this nature a petition to withdraw the plea of guilty must first be made to the court below. Inasmuch as the plea in the instant case was entered before *Commonwealth v. Roberts* was decided, the Majority Opinion remands this case to the court below to enable appellant to file a petition to withdraw his guilty plea.

I respectfully dissent for the reason that I think the record before us is adequate for us to decide the matter and I would not burden the lower court and our court with a petition to withdraw the plea.