368 A.2d 753

COMMONWEALTH of Pennsylvania

v.

Elaine M. BOMGARDNER, Appellant.

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Dec. 15, 1976.

Joseph C. Mesics, Public Defender, Lebanon, for appellant.

Frederick S. Wolfson, Asst. Dist. Atty., and George E. Christianson, Dist. Atty., Lebanon, for appellee.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

This is another case in which appellant attempts to attack his guilty plea on direct appeal without first having

filed a petition to withdraw his plea with the lower court. In *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975), we held that before a defendant will be permitted to attack his guilty plea on direct appeal he must first file a petition to withdraw his plea with the lower court. Accordingly, this case is remanded to the lower court to allow appellant to file a petition to withdraw his guilty plea nunc pro tunc. *Commonwealth v. Roberts*, supra. See also *Commonwealth v. Velasquez*, 238 Pa.Super. 368, 357 A.2d 155 (1976).

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge (dissenting).

I respectfully dissent from our decision in this case to remand it to the court below to enable appellant to file a petition to withdraw her guilty plea.

Appellant entered a plea of guilty after a colloquy in open court concerning which colloquy she makes no complaint other than she was not informed of the manner in which the plea of guilty limits the scope of appellate review.

After sentence following a plea of guilty, the issues which may be reviewed on appeal are the validity of the plea itself, lawfulness of the sentence, the jurisdiction of the court and the effectiveness of counsel.

Appellant advances no reason why anything else should be reviewed in connection with appellant's guilty plea. Informing appellant of the limited right of appeal is discretionary with the hearing Judge and I see no abuse of discretion in this case. Appellant cannot very well claim that she entered her plea of guilty with the intention of defeating her plea by an appeal to an appellate court.

I would affirm the judgment of sentence of the court below.