389 A.2d 151

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert SIMON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 30, 1977.

Decided July 12, 1978.

Frank R. Cori, Assistant Public Defender, Orwigsburg, for appellant.

Anthony J. Miernicki, Assistant District Attorney, Shenandoah, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On November 20, 1975, appellant pleaded guilty to charges of robbery,[1] aggravated assault[2] and simple assault[3] arising from a single incident. Following a pre-sentence investigation, appellant was sentenced on February 9, 1976, to serve

[1]. 18 Pa.C.S. § 3701.

[2]. 18 Pa.C.S. § 2702.

[3]. 18 Pa.C.S. § 2701.

from five to ten years imprisonment at the Correctional Diagnostic and Classification Center at Dallas on the robbery conviction. The court ordered appellant to pay the costs of prosecution on both the aggravated and simple assault counts and suspended imposition of sentence. On appeal, appellant contends that the guilty plea colloquy did not meet the standards of *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), and that he should be permitted to withdraw his plea and should be granted a new trial. Due to the procedural posture of this case, we remand it to the lower court for consideration of appellant's assertion.

It is now well settled that when a defendant's only contention is the invalidity of his guilty plea, he must proceed by filing in the lower court a petition to withdraw the plea. *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975).[4] On February 23, 1976, appellant complied with *Roberts* by filing with the lower court a pro se request captioned "Motion For Withdrawal of Illegally Induced Plea of Guilty." One day after the filing of that petition, on February 24, 1976, the instant appeal was filed with our court. We note that appellant did not have assistance of counsel when he filed his petition to withdraw or his appeal, but appellate counsel was appointed on March 10, 1976. Because appellant filed his appeal to this court just one day after the petition to withdraw was filed with the court below, the lower court was divested of jurisdiction and did not have an opportunity to dispose of the petition. *Commonwealth v. Norman,* 248 Pa.Super. 341, 375 A.2d 128 (1977); *DeMatteo v. White,* 233 Pa.Super. 339, 336 A.2d 355 (1975). We will, therefore, vacate the judgment of sentence and remand the case to the lower court for a hearing on appellant's petition to withdraw and for proper disposition. If the lower court denies the petition, it should then reimpose sentence, and appellant may appeal therefrom to this court.

4. The procedure which we set forth in *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975), was subsequently adopted in Pa.R.Crim.P. 321, applicable to guilty pleas pursuant to which sentence is imposed on or after September 1, 1977.

Judgment of sentence is vacated and the case is remanded for further proceedings consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.