J-S02022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                      :       PENNSYLVANIA
                                                      :
            v.                                        :
                                                      :
                                                      :
                                                      :
JOHNNY JENKINS                          :
                                                      :
            Appellant                        :    No. 698 EDA 2017

Appeal from the Judgment of Sentence January 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013768-2012

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED FEBRUARY 12, 2018**

Appellant Johnny Jenkins appeals from the judgment of sentence imposed following the entry of his negotiated guilty plea to one count of felony-three receiving stolen property (RSP).[1]  Appellant argues that he is entitled to withdraw his plea because the trial court did not advise him of the presumption of innocence.  We affirm.

We adopt the facts and procedural history set forth by the trial court's opinion.  **See** Trial Ct. Op., 6/28/17, at 1-5.  On January 18, 2017, Appellant entered a negotiated guilty plea to one count of RSP.  Following his completion of a written guilty plea colloquy form and an oral colloquy on the record, the court accepted the plea and imposed the negotiated sentence of 11½ to 23

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3925(a).

months of house arrest, followed by 36 months of reporting probation.[2]

Appellant, who was duly represented by counsel, did not object to the plea

colloquy before or at sentencing, nor did he file a post-sentence motion

seeking to withdraw the plea. On February 16, 2017, Appellant filed a timely

notice of appeal. Appellant complied with the trial court's order to file a

Pa.R.A.P. 1925(b) statement.

Appellant raises a single issue for our review: "Whether Appellant's

Guilty Plea was not Knowing, Intelligent or Voluntary." Appellant's Brief at 3.

Appellant argues that the trial court failed to inform him during the oral plea

colloquy that he was presumed innocent until proven guilty. *Id.* at 7. This,

he asserts, "is a critical factor in a knowing decision to enter into a guilty plea"

and that "[he] simply could not have made a valid plea without knowing this

presumption." *Id.* Appellant concludes that, as a result of that defect, his

plea was not knowing, intelligent, and voluntary. *Id.* Appellant thus claims

that he is entitled to withdraw the plea and proceed to trial. We conclude that

this issue has been waived.

> It is well settled that
>
> [a] defendant wishing to challenge the voluntariness of a guilty
> plea on direct appeal must either object during the plea colloquy
> or file a motion to withdraw the plea within ten days of sentencing.
> Failure to employ either measure results in waiver. Historically,
> Pennsylvania courts adhere to this waiver principle because "[i]t
> is for the court which accepted the plea to consider and correct,

---

[2] The written guilty plea colloquy was not included in the certified record, but was referenced on the record during the oral colloquy. The trial court notes in its opinion that the original colloquy form was misplaced by the Office of Judicial Records. Despite several months of inquiry, it could not be located.

in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, . . . 352 A.2d 140, 141 ([Pa. Super.] 1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (some citations omitted).

Here, Appellant did not object to the plea colloquy and did not file a post-sentence motion to withdraw his plea prior to filing a direct appeal. Accordingly, Appellant's challenge to the propriety of the plea colloquy is waived, and we are precluded from addressing the merits of his sole issue on appeal. ***See id***. at 610*.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18