J-S70040-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MOSES TOWDA MULBAH, | : | |
| | : | |
| Appellant | : | No. 1324 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 21, 2014,
In the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0000836-2014

BEFORE:  LAZARUS, MUNDY, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　**FILED DECEMBER 16, 2014**

Moses Towda Mulbah (Appellant) appeals from the judgment of sentence imposed following his negotiated plea of guilty to one count of robbery.[1]  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

On April 2, 2014, Appellant was arrested and charged with various offenses stemming from an incident in which he forced his way into his girlfriend's home and took a cellphone from her after punching her in the face.  On April 21, 2014, Appellant entered into a negotiated guilty plea to one count of robbery.  All other charges were *nolle prossed*.  Per the plea

---

[1] 18 Pa.C.S. § 3701(a)(1)(v).

[*] Retired Senior Judge assigned to the Superior Court.

agreement, Appellant was sentenced to five years of probation and ordered to pay a fine of $300.

On April 29, 2014, despite being represented by plea counsel, an assistant public defender, Appellant filed a *pro se* notice of appeal. Appellant also filed a *pro se* motion to proceed *in forma pauperis*. On May 8, 2014, the trial court granted Appellant's motion and ordered Appellant to file within 21 days a concise statement of errors complained of on appeal.[2] Appellant failed to comply with the court's directive.

On June 6, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), in which it determined that, because Appellant failed to file a concise statement when directed, all of his appellate issues were waived.[3]

---

[2] This order was not served on plea counsel or on the office of the public defender.

[3] Pursuant to well-established Pennsylvania law, a defendant is not entitled to hybrid representation. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1141 (Pa. 1993) (a defendant does not have the constitutional right of self-representation together with counseled representation at the trial or appellate level); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy that precludes hybrid representation). Additionally, Rule 120(A)(4) of the Rules of Criminal Procedure states that an "[a]n attorney who has been retained . . . shall continue such representation through direct appeal or until granted leave to withdraw by the court pursuant to paragraph (B)." Pa.R.Crim.P. 120(A)(4). Paragraph (B) of that rule states that "[c]ounsel for a defendant may not withdraw his or her appearance except by leave of court." Pa.R.Crim.P. 120(B)(1).

In the instant case, Appellant was represented by counsel at the time he filed his *pro se* notice of appeal. Counsel's appearance was entered on April 3, 2014. The record demonstrates that neither he nor the office of the public defender moved to withdraw at any point prior to Appellant's *pro se*

On June 13, 2014, the office of the public defender again entered its appearance on Appellant's behalf. On August 27, 2014, the office of the public defender filed a motion to withdraw as counsel and an **Anders** brief with this Court.

The following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

filings. Moreover, Appellant did not request leave to proceed *pro se*, nor did he request that plea counsel withdraw. Pursuant to the Rules of Criminal Procedure outlined above, it was improper for him to file a *pro se* notice of appeal with the trial court. Additionally, the trial court's acceptance of Appellant's *pro se* notice of appeal and its order directing Appellant to file a concise statement while represented by counsel was also in error.

The above errors notwithstanding, we decline to quash this appeal. Although filed *pro se*, Appellant's notice of appeal was timely. Moreover, because counsel has filed an **Anders** brief, Appellant's failure to file a 1925(b) statement is not fatal to our review of his substantive issues. **See Anders** Brief at 13-16; Pa.R.A.P. 1925(c)(4) ("In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders/McClendon** brief in lieu of filing a [1925(b)] Statement. If, upon review of the **Anders/McClendon** brief, the appellate court believes that there arguably are meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both."). Instantly, as there are arguably material issues presented for our review, which are addressed by the trial court's 1925(a) opinion, we decline to remand this matter for a supplemental opinion.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the **Anders** procedure:

Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

We find that counsel has complied substantially with the requirements of **Anders** and **Santiago**.[4] We, therefore, will undertake a review of the appeal to determine if it is wholly frivolous.

We begin by noting that "generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of

---

[4] Appellant has not responded to counsel's petition to withdraw.

the court, the legality of the sentence, and the validity of the guilty plea."

***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citation omitted).

In his ***Anders*** brief, counsel presents the following issues that might arguably support an appeal.

> 1. Did the trial court have subject matter jurisdiction over Appellant's [offenses]?
>
> 2. Was [Appellant's] guilty plea knowingly, voluntarily, and intelligently made?
>
> 3. Did the trial court impose an illegal sentence []?

***Anders*** Brief at 5.

With respect to the first issue, it is well-settled that "[a]ll courts of common pleas have subject matter jurisdiction in cases arising under the Crimes Code." ***Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003).[5] As counsel points out, the underlying offense at issue here occurred in Towamencin, Montgomery County. Accordingly, the Montgomery County Court of Common Pleas had subject matter jurisdiction. Thus, we conclude a challenge to the subject matter jurisdiction of the trial court is meritless.

Next we observe that

> [a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of

---

[5] As this question is purely one of law, our standard of review is *de novo,* and our scope of review is plenary. ***Commonwealth v. Jones***, 929 A.2d 205, 211 (Pa. 2007) (citation omitted).

> sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n. 3 (Pa. Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, 237 Pa. Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (2013).

Instantly, Appellant has waived review of the validity of his guilty plea because he failed to preserve it properly by objecting during the plea colloquy or by filing a post-sentence motion to withdraw his plea. Thus, we conclude that this issue is without merit.

Finally, with respect to the legality of his sentence, we note that the maximum penalty for a felony of the third degree is a seven year term of imprisonment, 18 Pa.C.S. § 1103(3), and a fine of $15,000, 18 Pa.C.S. § 1101(3).[6] Accordingly, Appellant's sentence of five years' probation and a $300 fine is well within the realm of legal sentences.

---

[6] Again, as this is a question of law, our standard of review is *de novo,* and our scope of review is plenary. ***Jones***, 929 A.2d at 211.

After a review of the record, we agree with counsel that this appeal is wholly frivolous. For these reasons, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2014