J-S79042-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JEFFREY MCELWEE, | : | |
| Appellant | : | No. 2148 EDA 2014 |

Appeal from the Judgment of Sentence Entered June 16, 2014,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0002441-2014

BEFORE:    ALLEN, OLSON, and STRASSBURGER, JJ.*

MEMORANDUM BY: STRASSBURGER, J.:          **FILED JANUARY 13, 2015**

Jeffrey McElwee (Appellant) appeals from the judgment of sentence imposed following his negotiated plea of guilty to one count of receiving stolen property.[1]   In addition, Appellant's counsel has filed a petition to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant the petition to withdraw.

On April 8, 2014, Appellant was arrested and charged with receiving stolen property because he was in possession of a vehicle that had been reported stolen.[2]   Appellant told the police officer that the vehicle was not

---

[1] 18 Pa.C.S. § 3925(a).

[2] Specifically, the vehicle had been reported stolen from Covington, Virginia where a warrant had been issued for Appellant's arrest on a charge of unauthorized use of a vehicle.

*Retired Senior Judge assigned to the Superior Court.

stolen, and he had paid $2,000 for it. Affidavit of Probable Cause, 4/9/2014.

On June 16, 2014, Appellant entered into a negotiated guilty plea to the aforementioned charge in exchange for a sentence of time served to 23 months' incarceration followed by three years of probation. The trial court sentenced Appellant accordingly.

Appellant timely filed a notice of appeal. In response to the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, Appellant's counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).

The following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-

frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

Our Supreme Court has clarified the requirements of the **Anders** brief:

Accordingly, we hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

We find that counsel has complied substantially with the requirements of **Anders** and **Santiago**.[3] We, therefore, will undertake a review of the appeal to determine if it is wholly frivolous.

We begin by noting that "generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citation omitted).

---

[3] Appellant has filed a *pro se* response to the counsel's **Anders** brief.

- 3 -

In his **Anders** brief, counsel presents the following issues that might arguably support an appeal: "Whether [the trial court] should have explored the statement attributed to [Appellant] in the Affidavit of Probable Cause attached to the Criminal Complaint that he did not steal the truck in question and that he had paid $2,000 for it?" **Anders** Brief at 1.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n. 3 (Pa. Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Commonwealth v. Roberts**, 237 Pa. Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

**Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013).

Instantly, Appellant has waived review of the validity of his guilty plea because he failed to preserve it properly by objecting during the plea colloquy or by filing a post-sentence motion to withdraw his plea. Thus, we conclude that this issue is frivolous.

Moreover, even if Appellant had preserved this issue, it would still be frivolous. "[A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea 'only where necessary to correct a manifest injustice.'" *Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (quoting *Commonwealth v. Starr*, 301 A.2d 592, 595 (Pa. 1973)).

> To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under [Pa.R.Crim.P.] 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Prendes*, 97 A.3d at 352-53.

A review of the record reveals that the trial court inquired into the appropriate areas. N.T., 6/16/2014, at 5-10. Moreover, Appellant and his attorney signed a lengthy guilty plea statement and statement of post-sentence rights. Notably, the trial court questioned Appellant as follows.

The Court: In this case, the Commonwealth would have to prove at trial that on the date charged you unlawfully retained or disposed of the moveable property of another either believing that it was stolen or -- either knowing it was stolen or believing that it was probably stolen. Do you understand that?

[Appellant]: Yes, sir.

***

The Court: Do you understand by entering the plea, you're admitting your guilt?

[Appellant]: Yes, sir.

N.T., 6/16/2014, at 7-8.

As the plea and sentencing came to a close, Appellant raised the issue that the vehicle involved was a truck he "put in [his] girlfriend's name." *Id*. at 16. However, he wanted to know when he would be extradited to Virginia to face the other charge in connection with this incident. In his *pro se* response to counsel's **Anders** Brief, Appellant claims once again that he "bought [the truck and] put it in [his girlfriend's] name[.]" *Pro Se* Brief at 1. He also claims that he "was advised by [his] lawyer to plead guilty" and now wishes to appeal on the basis that "the truck wasn't stolen." *Id*. at 2. However, "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." **Commonwealth v. Stork**, 737 A.2d 789, 790–91 (Pa. Super. 1999). Because Appellant admitted at his

guilty plea hearing that he stole the truck, an argument on appeal that the truck was not stolen is wholly frivolous.

Thus, after a review of the record, we agree with counsel that this appeal is wholly frivolous.  For these reasons, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/13/2015