J-S58004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS ALBERTO CRUZ-BORRERO, | |
| Appellant | No. 52 MDA 2016 |

Appeal from the Judgment of Sentence December 9, 2015
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0002843-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS ALBERTO CRUZ-BORRERO, | |
| Appellant | No. 53 MDA 2016 |

Appeal from the Judgment of Sentence December 9, 2015
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0002796-2015

BEFORE: GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 07, 2016**

In these consolidated cases, Appellant, Carlos Alberto Cruz-Borrero,

appeals from the judgment of sentence imposed on December 9, 2015,

_____

[*] Retired Senior Judge assigned to the Superior Court.

following his negotiated guilty plea to two counts of retail theft.[1]  Appellant's counsel has filed a brief and a petition to withdraw under **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous.  We affirm the judgment of sentence and grant counsel's request to withdraw.

On June 23 and 24, 2015, the Commonwealth filed two criminal informations charging Appellant in case no. 2796-2015 with retail theft; and in case no. 2843-2015, with retail theft and receiving stolen property.[2] The charges arose from Appellant's April 17, 2015 theft of $2,531.39 worth of property from the Target store in Muhlenberg Township, Berks County, Pennsylvania; and his May 8, 2015 theft of $327.31 worth of property from the Sears store in the Borough of Wyomissing, Berks County, Pennsylvania. (**See** N.T. Guilty Plea, 12/09/15, at 6).

On December 9, 2015, the morning scheduled for a bench trial in case no. 2843-2015, Appellant entered a counseled negotiated guilty plea to two counts of retail theft, one in case no. 2843-2015 and one in case no. 2796-2015.  (**See id.** at 2).  In return for Appellant's guilty plea, in case no. 2796-2015 the Commonwealth agreed to a sentence of not less than time served (ninety-two days) nor more than twenty-three months of incarceration. (**See id.** at 4).  In case no. 2843-2015 the Commonwealth dismissed the

---

[1] 18 Pa.C.S.A. § 3929(a)(1).
[2] 18 Pa.C.S.A. § 3925(a).

charge of receiving stolen property and agreed to a sentence of three years of probation and forty hours of community service. (*See id.* at 4-5; *see also* Written Guilty Plea 12/09/15, at 1). Appellant signed a written guilty plea colloquy. (*See* Written Guilty Plea, at 3). Counsel co-signed the guilty plea colloquy. (*See id.* at 4).

At the plea hearing, Appellant stated that he was pleading guilty of his own free will. (*See* N.T. Guilty Plea, at 7). Appellant acknowledged that the trial court could sentence him to pay an aggregate fine of $25,000.00. (*See id.* at 5). In the written plea colloquy, Appellant agreed that, as part of the plea agreement, he would have to complete forty hours of community service, that he was pleading guilty of his own free will, because he was guilty of the charged crimes, and that he understood the maximum possible sentences. (*See* Written Guilty Plea, at 1-3). Following his guilty plea, the trial court immediately sentenced Appellant in accordance with the terms of the negotiated guilty plea. (*See* N.T. Guilty Plea, at 9-11). Appellant also signed a written acknowledgment of post-sentence procedures, which informed him that he must file any post-sentence motion within ten days of sentencing. (*See* [Appellant's] Acknowledgment of Post-Sentence Procedures Following Guilty Plea, 12/09/15, at unnumbered pages 1-2). Counsel co-signed the acknowledgment. (*See id.* at 2).

On December 28, 2015, Appellant filed a counseled *nunc pro tunc* petition to withdraw his guilty plea, claiming that his guilty plea was

involuntary because he was not aware of the fines, costs, or community service required as part of his plea and that he felt "threatened by the police present at the time of his court appearance[.]" (Petition for *Nunc Pro Tunc* Relief to Withdraw Guilty Plea, 12/28/15, at unnumbered page 2). On January 5, 2016, the trial court denied the motion. The instant, timely appeal followed.

On January 15, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Subsequently, Appellant filed a petition seeking an enlargement of time to file his Rule 1925(b) statement, which the trial court granted.[3] On February 3, 2016, Appellant filed a timely Rule 1925(b) statement. *See id.* On March 2, 2016, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On April 28, 2016, counsel filed a motion to withdraw and *Anders* brief in this Court. Appellant has not filed a response.

On appeal, the *Anders* brief raises the following question for our review:

A.    Whether the trial court abused its discretion in denying Appellant's motion to withdraw his guilty pleas to [r]etail [t]heft, 18 Pa. C.S.A. § 3929(a)(1), as, based on the totality of the circumstances, Appellant's guilty pleas were

---

[3] While Appellant entitled his petition as one seeking to supplement his Rule 1925(b) statement, a reading of the petition demonstrates that Appellant sought an enlargement of time because of a delay in obtaining the transcripts. (*See* Petition for Permission to Supplement 1925(b) Statement, 2/02/16, at unnumbered page 1).

not knowing, intelligent and voluntary, a claim of manifest injustice[?]

(***Anders*** Brief, at 5).

Appellant's counsel has petitioned for permission to withdraw and has submitted an ***Anders*** brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. ***See Anders***, ***supra*** at 744. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

. . . (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361. When we receive an ***Anders*** brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. ***See Commonwealth v. Garang***, 9 A.3d 237, 240-41 (Pa. Super. 2010). In addition, "[p]art and parcel of ***Anders*** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." ***Commonwealth v. Vilsaint***, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant matter, counsel has substantially complied with all the requirements of ***Anders*** and ***Santiago***. Specifically, she has petitioned this Court to withdraw because "there are no non-frivolous issues to be raised on appeal and [she] believes that the appeal is wholly frivolous." (Petition to

Withdraw as Counsel, 4/28/16, at 1). In addition, after her review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with citations to the record, refers to any facts or legal theories that arguably support the appeal, and explains why she believes the appeal is frivolous. (*See Anders* Brief, at 6-12). Lastly, she has attached, as an exhibit to her motion to withdraw, a copy of the letter sent to Appellant giving notice of his rights, and including a copy of the *Anders* brief and the petition. (*See* Petition to Withdraw as Counsel, 4/28/16, at Exhibit A); *see also Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005). As noted above, Appellant has not responded. Because counsel has substantially complied with the dictates of *Anders*, *Santiago*, and *Millisock*, we will examine the issue set forth in the *Anders* brief. *See Garang*, *supra* at 240-41.

In the *Anders* brief, counsel asserts that Appellant's guilty plea was not knowing, intelligent, and voluntary. (*See Anders* Brief, at 9-12). Appellant does not proclaim his actual innocence but alleges that he did not understand all the terms of his sentence and that the presence of police in the courtroom coerced him to plead guilty. (*See id.* at 10). We disagree.

However, before discussing the merits of Appellant's claims, we must determine if they are properly before us. The Pennsylvania Rules of Criminal Procedure provide that, "[e]xcept as provided in paragraph (C) and (D) [dealing with summary cases], a written post-sentence motion shall be filed

no later than 10 days after imposition of sentence."  Pa.R.Crim.P. 720(A)(1).

Here, Appellant entered his guilty plea and was sentenced on December 9,

2015.  He did not file his post-sentence motion to withdraw his guilty plea

until December 28, 2015.  Thus, it was facially untimely.[4]

     With respect to untimely post-sentence motions, this Court has stated:

> To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing.  Merely designating a motion as "post-sentence motion *nunc pro tunc* " is not enough.  When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*.  If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly.  . . . in order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.

***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en*

*banc*) (footnote and citations omitted).

     Here, Appellant simply entitled his motion "*nunc pro tunc*" but failed to

provide any explanation for its tardiness.  (Petition for *Nunc Pro Tunc* Relief

to Withdraw Guilty Plea, 12/28/15, at unnumbered pages 1-3).  Because of

this, the trial court acted within its discretion to deny the motion, without a

---

[4] Although Appellant did not timely file his post-sentence motion, his notice of appeal was timely.

hearing, as untimely. (**See** Order, 1/05/16, at 1); **see also Dreves**, **supra** at 1128.

With respect to challenges to the validity of a guilty plea on direct appeal, this Court has stated:

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea.
>
> Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him. Furthermore, a defendant is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein. . . .
>
> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. **Commonwealth v. Roberts**, 237 Pa.Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Likewise:

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

> Further, a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. . . .

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013),

*appeal denied*, 87 A.3d 319 (Pa. 2014) (some citations and quotation marks

omitted).

Here, Appellant did not preserve his challenge to the voluntariness of

his guilty plea by either objecting during the plea colloquy or filing a timely

post-sentence motion to withdraw the plea. **See** Pa.R.Crim.P.

- 9 -

720(B)(1)(a)(i). Accordingly, Appellant waived any challenge to his guilty plea on direct appeal.[5] *See Lincoln*, *supra* at 609-10.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

President Judge Gantman joins the Memorandum.

Judge Bowes concurs in the result.

---

[5] In any event, Appellant's challenge to the voluntariness of his plea is frivolous. Appellant's claim that he was unaware that he would be required to pay fines and costs and undergo community service (*see Anders* brief, at 8), is belied by the record. At the guilty plea hearing, Appellant acknowledged that the trial court could require him to pay fines. (*See* N.T. Guilty Plea, at 5). Appellant did not object to the imposition of costs at sentencing and did not seek to withdraw his guilty plea at that time. (*See id.* at 9-11). Moreover, Appellant acknowledged in his written guilty plea, that, as part of the plea agreement, he would have to complete community service. (*See* Written Guilty Plea, at 1). As to his claim about the coercive effect of the police presence, the sole indication in the record that there were police officers present is the trial court's statement that it was "going to excuse the officers." (N.T. Guilty Plea, at 7). As the trial court noted, the officers were present because "[Appellant] pled guilty at the date and time of his bench trial, for which the officers had been subpoenaed to testify." (Trial Court Opinion, 3/02/16, at unnumbered page 3). There is nothing in the record that demonstrates that the officers had any interaction with Appellant, and Appellant did not object to their presence. (*See* N.T. Guilty Plea, at 1-11). Moreover, Appellant has not pointed to any law that would support a claim that the mere presence of police officers in the courtroom at the time of a guilty plea renders the plea involuntary. (*See Anders* brief, at 8-12). Accordingly, Appellant has not demonstrated that the entry of his guilty plea was involuntary, unknowing, or unintelligent. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011).

Thus, had Appellant preserved them, his issues do not merit relief. Further, this Court has conducted an independent review of the record as required by *Anders* and *Santiago* and finds that no meritorious issues exist.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016