J-A18043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
SHARON BERKE   :
  :
Appellant   :   No. 224 WDA 2017

Appeal from the Order January 4, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-SA-0002235-2016

BEFORE:  BOWES, LAZARUS and OTT, JJ.

MEMORANDUM BY OTT, J.:            **FILED JULY 25, 2017**

Sharon Berke appeals, *pro se*, from the January 4, 2017, judgment of
sentence imposed following her guilty plea to one count of violating 75
Pa.C.S. § 3362, maximum speed limits, 15 miles over the speed limit.  On
appeal, Berke raises a conflated argument of sufficiency and weight claims
with respect to her conviction.  Based on the following, we affirm.

The parties are well acquainted with the facts of the case.  Therefore,
we need not recite them herein.  ***See*** Trial Court Opinion, 3/21/2017, at
unnumbered 3-4.  On October 6, 2016, a magisterial district court found
Berke guilty of speeding 35 miles per hour above the speed limit pursuant to
Subsection 3362(a)(3).  She filed a summary appeal on November 4, 2016.
On January 4, 2017, a *de novo* hearing was held.  At the conclusion of the
hearing, Berke was offered a plea agreement to 15 miles over the speed

limit. N.T., 1/4/2017, at 16-17. Berke accepted this agreement from the citing police officer. *Id.* at 17. The trial court then found her guilty of violating Section 3362 and imposed a $55 fine, plus costs. *Id.* at 18. This *pro se* appeal followed.[1]

Preliminarily, we observe that Berke's *pro se* brief fails to comply with the applicable Pennsylvania Rules of Appellate Procedure, insofar as it is lacking with respect to Pa.R.A.P. 2111(a)(1) (statement of jurisdiction), (a)(2) (order or other determination in question), (a)(3) (statement of both the scope and the standard of review), (a)(4) (statement of the questions involved), (a)(5) (statement of the case), (a)(6) (summary of argument), and (a)(11) (a copy of the statement of errors complained of on appeal). It appears Berke attempted to correct these deficiencies in her June 14, 2017, reply brief; however, that brief still lacks in several areas, including what issues Berke wishes to raise on appeal.[2] We note the following:

_____

[1] On February 14, 2017, the trial court ordered Berke to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Berke filed a concise statement on March 9, 2017. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 21, 2017.

[2] In **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court explained:

> "The opportunity for, and the extent of, a reply brief is limited. The Pennsylvania Rules of Appellate Procedure make clear that an "appellant may file a brief in reply to matters raised by appellee's brief not previously raised in appellant's brief." Pa.R.A.P. 2113(a). Thus, an appellant is prohibited from raising

*(Footnote Continued Next Page)*

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (some citations omitted).[3]

Moreover, Berke's lack of compliance is further augmented by what the trial court phrases as a "lengthy" and "inarticulate" concise statement. Trial Court Opinion, 3/21/2017, at unnumbered 3. Nevertheless, the court surmised that Berke wished to challenge its "determination that [she] violated 75 Pa.C.S.A. § 3362, maximum speed limits." ***Id.*** The court also indicated Berke "argued that the traffic stop violated due process and the [E]ighth Amendment, as cruel and unusual punishment because she had a

---

*(Footnote Continued)* ───────────

> new issues in a reply brief. Moreover, a reply brief cannot be a vehicle to argue issues raised but inadequately developed in appellant's original brief."

***Id.*** at 218 n.8.

[3] "[A]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing." ***Commonwealth v. Gray,*** 608 A.2d 534, 550 (Pa. Super. 1992), *quoting* ***Vann v. Commonwealth Unemployment Compensation Bd. of Review***, 494 A.2d 1081, 1086 (Pa. 1985). As such, we cannot serve as Berke's counsel and litigate her claims for her.

- 3 -

DMV Disabled placard prominently displayed at the time of the traffic stop."

*Id.* at unnumbered 4. Accordingly, while the defects in Berke's brief and concise statement are substantial, our review is not impeded and we decline to quash her appeal.[4]

However, before we can analyze the substantive claims, we note Berke **pled guilty** to the speeding violation. With respect to guilty pleas, we are guided by the following:

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives [her] right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea. *Commonwealth v.*

_____

[4] Nevertheless, we note our review is limited to those complaints raised in the concise statement.

> [W]e observe generally that issues not raised in a Rule 1925(b) statement will be deemed waived for review. *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). An appellant's concise statement must properly specify the error to be addressed on appeal. *Commonwealth v. Dowling*, 2001 PA Super 166, 778 A.2d 683 (Pa. Super. 2001). In other words, the Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." *Commonwealth v. Reeves*, 2006 PA Super 196, 907 A.2d 1, 2 (Pa. Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Id.* The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. *Id.* Thus, if a concise statement is too vague, the court may find waiver. *Id.*

*Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011).

- 4 -

> *Pantalion*, 2008 PA Super 226, 957 A.2d 1267, 1271 (Pa.Super. 2008).

> Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by [her] peers, the right to have the Commonwealth prove [her] guilt beyond a reasonable doubt, and [her] right to confront any witnesses against [her]. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (knowing and voluntary guilty plea waives privilege against self-incrimination, right to jury trial, and right to confront one's accusers). Furthermore, a defendant is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein. [*See, e.g.*], *Peretz v. United States*, 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) ([stating:] "The most basic rights of criminal defendants are...subject to waiver"); *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ([stating] sixth amendment right to counsel may be waived).

*Commonwealth v. Byrne*, 2003 PA Super 361, 833 A.2d 729, 735-36 (Pa.Super. 2003). A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. *Commonwealth v. Tareila*, 2006 PA Super 56, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Commonwealth v. Roberts*, 237 Pa. Super. 336, 352 A.2d 140, 141 (Pa.Super. 1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-610 (Pa. Super. 2013).

Accordingly, Berke cannot obtain review of her claims on direct appeal because, by pleading guilty, she waived "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." ***Lincoln***, 72 A.3d at 609. Moreover, as the trial court notes, "[Berke] has not established that her guilty plea was anything but voluntarily, knowingly, and intelligently given." Trial Court Opinion, 3/21/2017, at unnumbered 4. Therefore, we decline to review Berke's sufficiency/weight argument.

Judgment of sentence affirmed. All outstanding motions are denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2017

- 6 -