J-S51027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID J. ZORGER, JR., | |
| Appellant | No. 167 EDA 2017 |

Appeal from the Judgment of Sentence September 2, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001811-2016

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 25, 2017**

David J. Zorger, Jr. ("Appellant") appeals the judgment of sentence entered on September 2, 2016.  We affirm.

This case arose on January 25, 2016, when Appellant assaulted his mother and the responding Bristol Township police officers.  On June 13, 2016, Appellant pled guilty to four counts of aggravated assault, two counts of possessing an instrument of crime, two counts of terroristic threats, one count of resisting arrest, and one count of criminal mischief.[1]  On September

_____

[*]  Former Justice specially assigned to the Superior Court.

[1]   18 Pa.C.S. §§ 2702(a)(3), 907, 2706(a)(1), 5104, and 3304(a)(5), respectively.

2, 2016, Appellant admitted to violating his probation, waived a **Gagnon II**[2] hearing, and proceeded to sentencing. The trial court first found Appellant in direct violation of his probation on a 2014 conviction as a result of the guilty plea. The trial court then sentenced Appellant on the probation violation to incarceration for eighteen to forty-eight months and on each of the aggravated assault counts to incarceration for two to five years, the latter to be served concurrently with each other and consecutively to Appellant's probation-violation sentence. N.T., 9/2/16, at 8, 22–24.

Appellant filed a counseled motion to modify and reconsider sentence on September 6, 2016. He filed a *pro se* post-sentence motion to modify sentence on September 12, 2016.[3] The trial court held a hearing on the counseled motion on December 14, 2016. Appellant presented evidence of a treatment program he was participating in and requested that all sentences

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (noting that probationer is entitled to two hearings, a pre-revocation hearing and a final revocation hearing, before a final revocation decision can be made).

[3] Appellant also filed a premature *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, on November 21, 2016, which he withdrew during the hearing on his counseled motion for reconsideration of sentence. N.T., 12/14/16, at 7. Appellant filed a second premature *pro se* PCRA petition on January 17, 2017. "The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final." **Commonwealth v. Kubis**, 808 A.2d 196, 198 n.4 (Pa. Super. 2002). Therefore, Appellant's second PCRA filing should be dismissed without prejudice and refiled once his judgment of sentence becomes final. **Accord Commonwealth v. Leslie**, 757 A.2d 984, 985 (Pa. Super. 2000) ("A PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights").

run concurrently. N.T., 12/14/16, at 11–12. The trial court denied Appellant's post-sentence motion, and Appellant filed this timely appeal. Following the appointment of new counsel, Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents a single issue for our consideration:

A. WHETHER APPELLANT'S GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED UNDER CIRCUMSTANCES WHERE HE WAS NOT ADVISED OF THE POTENTIAL FOR CONSECUTIVE SENTENCES WITH A PROBATION/PAROLE VIOLATION?

Appellant's Brief at 4.

Appellant argues that he did not enter a knowing, voluntary, and intelligent plea because he "was not advised of the potential that his sentence on the probation violation could be run consecutive to the sentence on the new case." Appellant's Brief at 10. The Commonwealth counters that "Appellant has waived his appellate claims with respect to the validity of his plea because he failed to preserve these claims before the trial court." Commonwealth's Brief at 7. Upon review, we conclude that the Commonwealth is correct.

"Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted). However:

[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n. 3 (Pa.Super.2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, 237 Pa.Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Likewise:

Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. . . . ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa.Super.2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

***Lincoln***, 72 A.3d at 609–610.

In determining that Appellant did not preserve his guilty-plea challenge, the trial court opined as follows:

Here, Appellant did not move to withdraw his guilty plea prior to sentencing. Further, no argument as to the validity of the guilty plea was raised in Appellant's counseled Motion to Modify and Reconsider Sentence. This issue was also not raised at the hearing on the Motion to Modify and Reconsider. The [c]ourt was not required to confront this issue until Appellant

filed his Statement of Errors Complained of on Appeal on March 13, 2017. Accordingly, the [c]ourt believes that Appellant waived his right to assert this issue on appeal.

Trial Court Opinion, 3/28/17, at unnumbered 5. We agree.

Appellant did not object to the guilty plea during the plea colloquy. N.T., 6/13/16, at 2–11. Although Appellant's counsel filed a timely post-sentence motion, that motion did not challenge the guilty plea or seek withdrawal of the plea. Motion to Modify and Reconsider Sentence, 9/6/16. Additionally, Appellant's *pro se* post-sentence motion affords no relief on two grounds. First, Appellant is not entitled to hybrid representation. ***Commonwealth v. Jette***, 23 A.3d 1032, 1036 (Pa. 2011). Accordingly, *pro se* motions have no legal effect and, therefore, are legal nullities. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007). Second, even if legally effective, Appellant's *pro se* motion did not seek withdrawal of the plea. Motion to Modify Sentence, 9/12/16.

Thus, we conclude that Appellant cannot obtain review of his claim on direct appeal because he failed to preserve it properly by either objecting during the plea colloquy or by raising it in a timely post-sentence motion to withdraw the plea. Pa.R.Crim.P. 720(B)(1)(a)(i). Accordingly, we decline to review Appellant's challenge to the validity of his plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/25/2017</u>