J-S08036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB ALLEN HINE | : | |
| | : | |
| Appellant | : | No. 1120 MDA 2020 |

Appeal from the Judgment of Sentence Entered July 29, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005698-2019

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 16, 2021**

Appellant Jacob Allen Hine appeals from the Judgment of Sentence entered in the Court of Common Pleas of York County on July 29, 2020, following his guilty plea to one count of Sexual Assault.[1]  Appellant's appellate counsel has filed a Petition to Withdraw as Counsel and an **Anders-Santiago**[2] brief, stating that the appeal is wholly frivolous.  After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

In his **Anders-Santiago** brief, counsel thoroughly detailed the relevant facts and procedural herein as follows:

### The Charges and Hine's Guilty Plea

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 3124.1
[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

The Commonwealth charged [Appellant] with rape by forcible compulsion, involuntary deviate sexual intercourse by forcible compulsion, sexual assault, and indecent assault. (Information at 1.) All charges were premised on the assault of M.L. (*Id.*)

[Appellant] pled guilty to the sexual assault charge in exchange for a sentence of four to ten years' incarceration. (N.T., 12/24/19, at 1-5.) In the process, the court confirmed that [Appellant] understood his rights, was satisfied with his attorney's performance, was pleading guilty of his own accord, and was not under the influence of any drugs that would impair his ability to understand the proceedings. (*Id.* at 2-4.) The court accepted the plea, finding it to be knowing and voluntary. (*Id.* at 4.) [Appellant] did not move to withdraw his plea.

### *Hine's SVP Evaluation*

Due to the nature of [Appellant's] conviction, Dr. Robert M. Stein, Ph.D., evaluated him to determine whether he met the criteria to be designated as a sexually violent predator ("SVP"). (Praecipe to Schedule a Hearing to Determine Sexually Violent Predator Status, Appendix A, at 1.) [Appellant] declined to be interviewed for the evaluation. (*Id.* at 2.)

In describing the offense, Dr. Stein explained a 16-year-old resident of the Children's Home of York had accused [Appellant], then 20 years old, of sexual assault. (*Id.* at 2.) The complainant said [Appellant] had used the complainant's possession of contraband at the home to coerce him to perform sex acts: "It started with masturbating [Appellant] and then led to oral sex. These acts occurred approximately every 3 days for about a 3-month period leading up to the victim finally disclosing the course of assaults." (*Id.*) Because the two were roommates at the home, this "made it easy for [Appellant] to have alone time with the victim to pressure him into these acts." (*Id.*) Specifically, the complainant alleged one incident suggesting [Appellant] had anally assaulted him while he was asleep. (*Id.*)

[Appellant] later admitted to coercing oral sex but said the anal sex was consensual. (*Id.*) Another resident of the home said [Appellant] had mentioned paying others for sex and performing sex acts himself in exchange for money. (*Id.* at 2-3.) The resident also made allegations against [Appellant], but no charges were filed as a result. (*Id.* at 3.)

[Appellant's] background included multiple involvements with Children, Youth, and Families, based on neglect and physical

abuse. (*Id.*) [Appellant] had "significant behavioral and emotional issues with impaired intellect." (*Id.*) He was involved—sometimes as victim, sometimes as perpetrator—in numerous troubling incidents, and hospitalized in 2009 at PA Psychiatric Institute. (*Id.*) There were also allegations that he sexually abused his younger brother, resulting in juvenile charges and placement. (*Id.*)

After years of treatment and instances of acting out—he "threatened to take a gun to school and kill peers and teachers" in 2012—[Appellant] was diagnosed in 2018 with oppositional defiant disorder, mood disorder, disruptive behavior disorder, attention deficit and hyperactivity disorder, and intermittent explosive disorder. (*Id.* at 3-5.) While awaiting disposition of the instant charges, he received "a misconduct" at York County Prison for "making sexual proposals to a fellow inmate . . . ." (*Id.* at 5.)

In reviewing the 15 SVP assessment criteria, Dr. Stein found some weighed against an SVP designation and some weighed in favor. (*Id.* at 5-8.) In the former category, the offense involved a single victim, [Appellant] did not exceed the means necessary to achieve the offense, and no gratuitous cruelty was noted. (*Id.* at 5-6.) In the latter category, [Appellant's] prior record suggested "anti-social traits and chronic sexual deviance," he had "a history of failed court-ordered mental health placements," and has "demonstrated behavioral difficulty since early childhood with sex offending behaviors since age 10 and possibly younger." (*Id.* at 6-7.)

Dr. Stein acknowledged [Appellant's] background is tragic, but found he has a "demonstrated inability to control sexually coercive behavior" and the evidence supports a diagnosis of "Other Specified Paraphilic Disorder: Non- Consent." (*Id.* at 7.) Dr. Stein opined that this disorder cannot be cured, and that [Appellant's] behavior shows he is either unwilling or unable to overcome his condition. (*Id.*) Dr. Stein found reoffending is likely, summarizing, "Approximately 10 years of sex offender treatment with completion of sex offender curricula and development of a safety plan, along with prior sanctions for sexually aggressive behavior, have been insufficient to control further sexual offending. Sexual misconduct has continued in his current prison setting. There is sufficient evidence for a condition that makes sexual re-offending likely." (*Id.*) Dr. Stein added that [Appellant] suffers from a mental abnormality/personality disorder, and the facts of the instant offense were consistent with predatory behavior. (*Id.* at 7-8.) As such, Dr. Stein concluded that

[Appellant] meets the criteria to be classified as an SVP. (*Id.* at 8.)

### SVP Hearing and Sentencing

At [Appellant's] SVP hearing and sentencing, Dr. Stein testified in a manner consistent with his evaluation. (N.T., 7/29/20, at 4-24.) He added that no minimum number of criteria need be met to classify someone as an SVP: "In theory a person can meet one of those 15 and still be a sexually violent predator. On the other hand, 10, 11, 12, could not be listed as sexually violent predator. So they are not weighted, they are just considered for their relevance." (*Id.* at 14.)

Defense counsel challenged Dr. Stein on whether [Appellant] had completed treatment. (*Id.* at 16-17.) Dr. Stein acknowledged the paperwork did not indicate [Appellant] had completed treatment, and he was "making an assumption" that he had. (*Id.*) [Appellant] had done well at one facility, and was discharged to his mother. (*Id.* at 17.) He then had another period of "turmoil" and ended up in another facility. (*Id.*) [Appellant] went through a total of seven sex offender treatment programs. (*Id.* at 21.)

Based on Dr. Stein's report and testimony, the court designated [Appellant] as an SVP. (*Id.* at 24.) Pursuant to the plea agreement, the court sentenced [Appellant] to four to ten years' incarceration, to be followed by three years' special probation." (*Id.* at 25-26.) The court awarded 362 days' credit for presentence incarceration. (*Id.* at 26.) The prosecutor read [Appellant] his sex offender registration requirements. (*Id.* at 27-32.)

### Preliminary Appellate Proceedings

[Appellant] timely filed his notice of appeal on August 28, 2020. Counsel then filed a Statement of Intent to File *Anders/Santiago* Brief Pursuant to Pa. R.A.P. 1925(c)(4). The plea court filed its order directing certification and transmittal of the record on October 26, 2020.

PROCEDURAL HISTORY

On October 1, 2019, the Commonwealth filed its information against [Appellant], charging him with rape by forcible compulsion, involuntary deviate sexual intercourse by forcible compulsion, sexual assault, and indecent assault.

On December 24, 2019, [Appellant] pled guilty to sexual assault in exchange for a sentence of four to ten years' incarceration.

On July 29, 2020, the court held [Appellant's] sentencing and hearing on his sexually violent predator status. The court deemed [Appellant] to be a sexually violent predator and sentenced him to four to ten years' incarceration plus three years' special probation.

On August 28, 2020, [Appellant] timely filed his notice of appeal. On September 16, 2020, counsel filed a Statement of Intent to File *Anders/Santiago* Brief Pursuant to Pa. R.A.P. 1925(c)(4). The trial court issued its order directing certification and transmittal of the record on October 26, 2020.

***Anders-Santiago*** brief at 7-13.

In its Order entered on October 26, 2020, in light of counsel's filing of a petition to withdraw, the trial court directed the record be transmitted to this Court without a Rule 1925(a) Opinion pursuant to Pa.R.A.P. 1931. The court explained that on August 28, 2020, Appellant filed a Notice of Appeal, and on September 2, 2020, the trial court directed him to file a concise statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). In response, counsel filed a statement of intent to file an ***Anders/McLendon*** brief, pursuant to Pa.R.A.P. 1925(c)(4). In light of this filing, a trial court opinion is not necessary, and the trial court properly certified and transmitted the record to this Court. ***See Commonwealth v. McBride***, 957 A.2d 752, 758 (Pa.Super. 2008).

In his ***Anders*** brief, counsel presents the following issues for our review:

**Issue One:** Whether [Appellant's] guilty plea was valid.
**Issue Two:** Whether the evidence is sufficient to support [Appellant's] designation as a sexually violent predator.

**Issue Three:** Whether the weight of the evidence is against [Appellant's] designation as a sexually violent predator.
**Issue Four:** Whether [Appellant's] sex offender registration requirements constitute an illegal sentence.

***Anders-Santiago*** brief at 6.

Before this Court can consider the merits of the instant appeal, we first must determine whether appellate counsel has satisfied all of the requirements that must be met before leave to withdraw may be granted. ***Commonwealth v. Dempster***, 187 A.3d 266, 270 (Pa.Super. 2018) (*en banc*); ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*).

To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient ***Anders*** brief; and (3) provide a copy of the ***Anders*** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 183 (Pa.Super. 2016); ***Goodwin***, 928 A.2d at 290.

An ***Anders*** brief must comply with the all of the following requirements:

[T]he ***Anders*** brief ... must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the

appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *see also Dempster*, 187 A.3d at 270; *Commonwealth v. Zeigler*, 112 A.3d 656, 660 (Pa.Super. 2015).

If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the record and render an independent judgment as to whether the appeal is wholly frivolous. *Dempster*, 187 A.3d at 271; *Zeigler*, 112 A.3d at 660.

Counsel seeks to withdraw from this criminal direct appeal on the basis of frivolity, and following our review we find he has complied with the procedural requirements of *Anders v. California*, 386 U.S. 738 (1967), *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), and their progeny. Counsel has also substantially complied with the requirements set forth in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

Counsel filed an *Anders-Santiago* brief and attached his application to withdraw as counsel on January 6, 2021. In his application to withdraw, appellate counsel states he has made a conscientious examination of the record and determined that there are no non-frivolous grounds for the appeal. As is evidenced above, Appellate counsel's *Anders-Santiago* brief provides a procedural and factual summary of the case with citations to the record and

discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf.

Attached to the application to withdraw is a letter advising Appellant of his right to proceed *pro se* or to retain new counsel pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005). The **Millisock** letter and certificate of service attached to the **Anders-Santiago** brief indicate Appellant was served a copy of all of the documents; however, Appellant has not filed a response to the petition to withdraw as counsel.

In light of all of the foregoing, Appellate counsel has filed a sufficient **Anders** brief and has adequately complied with the procedural requirements for withdrawal as counsel in this appeal. Therefore, as counsel has met all of the procedural requirements, we proceed to conduct an independent review to ascertain whether the appeal is, indeed, wholly frivolous. In doing so, we first consider the issues raised by counsel in the **Anders-Santiago** brief and determine whether they are frivolous. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa.Super. 2018) (*en banc*); **Dempster**, 187 A.3d at 272. If we find each of those issues to be frivolous, we then conduct an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. **Yorgey**, 188 A.3d at 1197; **Dempster**, 187 A.3d at 271-72.

The first issue contained in the **Anders-Santiago** brief questions whether Appellant's guilty plea was valid. We find this issue to be waived. It is well-settled that:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n. 3 (Pa.Super.2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, 237 Pa.Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609–10 (Pa.Super. 2013), *opinion after reinstatement of appeal*, 179 A.3d 573 (Pa.Super. Ct. 2017), *for text, see **Commonwealth v. Lincoln***, No. 3632 EDA 2003, 2017 WL 4679656 (Pa. Super. Ct. Oct. 18, 2017).

Herein, Appellant at no time asserted his guilty plea had been entered involuntarily, nor did he file a timely motion to withdraw his plea. Therefore, this issue has been waived on appeal.

We next consider whether the evidence was sufficient to sustain Appellant's designation as a sexually violent predator (SVP).

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of

SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

***Commonwealth v. Hollingshead***, 111 A.3d 186, 189 (Pa.Super. 2015) (citation omitted). This Court has explained the SVP designation process, as follows:

> After a person has been convicted of an offense listed in 42 Pa.C.S. § 9799.14, the trial court then orders an assessment to be done by the SOAB to help determine if that person should be classified as an SVP. An SVP is defined as a person who has been convicted of a sexually violent offense ... and who has a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory.... Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of reoffending is but one factor to be considered when making an assessment; it is not an independent element.

***Id***. at 189-90 (citation and brackets omitted).

Herein, the Commonwealth presented the extensive testimony of medical expert and member of the Sexual Offenders Assessment Board Dr. Robert Stein which established by clear and convincing evidence that Appellant has numerous mental abnormalities and sexual disorders which began to surface when he was about ten years old, or possibly younger. ***See***

N.T., 07/29/20, at 8, 11-12. In fact, Appellant's psychological diagnoses are vast and include attention deficit hyperactivity disorder, oppositional defiant disorder, a mood disorder and an additional related condition, and a mild intellectual disability. *Id*. at 8. Dr. Stein stressed Appellant's multitude of disorders present a likelihood that he will re-offend, especially in light of his extensive history of sexual misconduct and repeated acts of sexual defiance despite years of treatment that ultimately proved to be ineffective. *Id*. at 12-13. Therefore, a challenge to the sufficiency of the evidence to support Appellant's SVP classification fails.

Appellant's third issue challenges the weight of the evidence to support his SVP designation. In doing so, Appellant posits Dr. Stein failed to consider certain factors necessary to classify one as an SVP when analyzing 42 Pa.C.S.A. §§ 9799.10-42.

Initially, we find that Appellant has waived a challenge to the weight of the evidence for his failure to present the same in a post-sentence motion. A challenge to the weight of the evidence must be preserved either in a written motion before sentencing, orally prior to sentencing, or in a Post-Sentence Motion. Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. **See Commonwealth v. Thompson**, 93 A.3d 478, 491 (Pa.Super. 2014) (noting

that if an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review).

Our review of the record indicates that Appellant failed to raise the issue in the trial court prior to sentencing or in a Post-Sentence Motion. Accordingly, we find that Appellant has waived his challenge to the weight of the evidence. *See* Pa.R.Crim.P. 607.

Notwithstanding, even if Appellant had preserved a challenge to the weight of the evidence, we conclude he would not be entitled to relief. A trial court will not grant relief on a weight of the evidence claim unless the verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. West*, 937 A.2d 516, 521 (Pa.Super. 2007). As stated previously, Dr. Stein enumerated and discussed his analysis of the fifteen statutory factors involved in order to arrive at his professional conclusion that Appellant is an SVP. An appellate court will not substitute its assessment of credibility for that of the finder of fact. *Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa.Super. 2009). No relief is due.

Finally, we consider whether Appellant's sex offender registration requirements constitute an illegal sentence. As Appellate counsel acknowledges, this is one of the few viable arguments in a direct appeal following a sentence imposed pursuant to a guilty plea. *See Anders/Santiago* brief at 21 (citing *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (stating "upon entry of a guilty plea, a defendant

waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed."). However, Appellate counsel also correctly notes that the Pennsylvania Supreme Court has declared provisions of Revised Subchapter H are constitutional when applied to SVPs. **Commonwealth v. Butler**, 226 A.3d 972 (Pa. 2020) **see also Commonwealth v. Manzano**, 237 A.3d 1175, 1182 (Pa.Super. 2020). Furthermore, as previously discussed, Appellant was properly determined to be an SVP.

Based on the foregoing, we agree with appellate counsel that the issues raised by Appellant are wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018). Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to Withdraw as Counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/16/2021

- 13 -